*415 The opinion of the Court was delivered by
O’Neall, C. J.
In this case we concur in most of the points ruled by the Chancellor’s decree. Indeed, he has so well discussed and reasoned out the matters brought in controversy, in that as well as in other cases brought before him, as to save us the labor of re-examination.
In this case, however, we are constrained to differ with him as to the character of the property to which the wards of the defendant, Dunlap, are entitled. When they elect to take the property in which he had invested their funds they must take it, as a whole. It is all realty. The house and lot in Lynch street, by his investment and their election, became their property.
There is no propriety to say that a part of the investment arising from real estate sold should be classed as realty, and a part arising from personal property should be considered personalty. The whole investment made by their father of their funds, and a small part of his own, as their guardian, made the house and lot theirs, and of course it is all realty. So much of the Chancellor’s decree as makes a distinction cannot be sustained.
We agree with him, that the Act of 1851, 12 Stat., 80, 81, is to be regarded as part and parcel of the Act of 1701. My view of the effect of an amendment is presented in my dissenting opinion, Hill vs. Connelly, 4 Rich., 626. It is unnecessary to do more than to express our concurrence in the view there expressed, and which the Chancellor has enforced in this case.
It is, therefore, ordered and decreed, that the decree be reformed in the single particular in which we differ from him, and in all other respects be affirmed.
Johnstone, J., concurred in the result.
Wardlaw, J., concurred.

Decree modified.